(77 App. Div. 379.)
### CITY OF NEW YORK v. THIRD AVE. R. CO. et al.

(Supreme Court, Appellate Division, First Department.   December 19, 1902.)

1. STREET RAILROADS—LICENSE FEE—LEASE OF ROAD—LIABILITY OF LESSEE.
    Where the incorporators of a street railroad company contracted with the city that the company would pay a certain license fee for each car operated, and subsequently the company leased its lines to another company, which took the property, etc., "subject to all debts and liabilities of the first company," the lessee was not liable for license fees accruing and payable by the lessor prior to the lease.

Appeal from special term, New York county.

Action by the city of New York against the Third Avenue Railroad Company and the Metropolitan Street Railway Company.   From a judgment for plaintiff, defendants appeal.   Affirmed as to the Third Avenue Railroad Company, and reversed as to the other defendant.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellants.
Chase Mellen, for respondent.

INGRAHAM, J.   The plaintiff, the city of New York, brings this action to recover certain annual license fees for the cars used by the defendant the Third Avenue Railroad Company in the operation of its railroad.   The complaint alleges:   That the plaintiff, a municipal corporation, existed under ancient charters and acts of the legislature, and has succeeded to all the rights, obligations, and liabilities of the old mayor, aldermen, and commonalty of the city of New York by virtue of the present city charter (chapter 378, Laws 1897).   That the defendant the Third Avenue Railroad Company is a surface street railroad company organized and existing pursuant to the provisions of the general railroad act (being chapter 140 of the Laws of 1850), and was organized on October 8, 1853, to construct and operate a railroad in the city of New York, in pursuance of the terms of a grant or agreement between the mayor, aldermen, and commonalty of the city of New York (plaintiff's predecessor) and the persons incorporating the said railroad company, dated January 1, 1853.   That the defendant the Metropolitan Street Railway Company is a domestic street surface railroad corporation organized and existing under the laws of the state of New York, duly incorporated on November 29, 1893, and May 18, 1894.   That the said agreement or grant under which the Third Avenue Railroad Company is operating its road contained the following:   "Resolved, that in consideration of the good and faithful performance of the conditions, stipulations and agreement above described and of such other necessary requirements as may hereafter be made by the common council for the regulations of the said railroad, the said parties [meaning the incorporators of said defendant the Third Avenue Railroad Company] shall pay, from the date of opening the said railroad, the annual license fee for each car now allowed by law and shall have licenses accordingly."   That section 3 of chapter 140 of the Laws of 1854, entitled "An act relative to the construction of railroads in cities," provides:   "This act shall not be held

to prevent the construction, extension or use of any railroad, in any of the cities of this state, which have already been constructed in part; but the respective parties and companies by whom such roads have been in part constructed, and their assigns, are hereby authorized to construct, complete, extend and use such roads in and through the streets and avenues designated in·the respective grants, licenses, resolutions or contracts under which the same have been so in part constructed, and to that end the grants, licenses and resolutions aforesaid are hereby confirmed." That at the time when such agreement or grant was executed, to wit, January 1, 1853, the annual license fee for each car allowed by law was the sum of $20, as fixed by an ordinance of the common council of the said mayor, aldermen, and commonalty of the city of New York. That prior to the year 1894 the defendant the Third Avenue Railroad Company duly and annually paid to the said mayor, aldermen, and commonalty of the city of New York the sum of $20 per annum for each car run and operated upon its lines of railroad in the city of New York. That on or about April 3, 1900, by an instrument dated that day, the defendant the Third avenue Railroad Company granted and demised all the certain railroads mentioned and described therein to the defendant the Metropolitan Street Railway Company for the term of 999 years; said railroads to be used, maintained, and operated by the defendant Metropolitan Street Railway Company in accordance with the requirements of the charter, and subject to all debts and liabilities of the party of the first part (the Third Avenue Railroad Company), "except debts and liabilities incurred to the party of the second part." That said lease also contained the following provision: "And said party of the second part [meaning the defendant Metropolitan Street Railway Company] further agrees that it shall and will pay, satisfy, and discharge all municipal, county, state, or government taxes and assessments, license fees, or other charges of any description whatever, which, during the term hereby granted, may be imposed upon the property hereby demised, or any part thereof, or upon any additions or extensions thereof." That during the years 1894 to 1899, inclusive, the Third Avenue Railroad Company used, ran, and operated upon its lines of railroad in the city of New York passenger cars for which there were due, and it became liable to pay, during said years, car license fees aggregating $25,750, for which sum the plaintiff demands judgment against the defendants. The defendants interposed a joint demurrer, alleging as a ground thereof that causes of action have been improperly united; and the Metropolitan Street Railway Company also interposed a separate demurrer, specifying the same objection, and also the objection that the complaint does not state facts sufficient to constitute a cause of action against it. As this second separate demurrer of the defendant the Metropolitan Street Railway Company must be sustained, a consideration of the other ground of the demurrer is not necessary.

The lease of the Third Avenue Railroad Company to the Metropolitan Street Railway Company demises the railroad property of the Third Avenue Railroad Company "subject to all debts and liabilities" of the Third Avenue Railroad Company, with no provision by which

there is imposed upon the lessee an obligation to pay such debts and liabilities.  The Third Avenue Railroad Company is not dissolved or merged with the Metropolitan Street Railway Company, but is an existing corporation, liable for its debts and obligations.  The Metropolitan Street Railway Company did not assume the payment of the debts, but accepted a demise of the property subject to the debts and liabilities of the lessor corporation.  What was said by Judge Earl in Mayor, etc., of City of New York v. Twenty-Third St. Ry. Co., 113 N. Y. 311, 21 N. E. 60, is applicable here:

"What it [the lessee] is bound to do under the lease is expressly stipulated therein, and there is no stipulation or provision imposing upon it the duty or obligation to pay the percentage.  There is nothing in the general laws of the state which imposes this burden upon the defendant as lessee.  * * * We cannot, therefore, find the defendant's obligation to pay this percentage in any particular language used in the lease or in any statute."

The subsequent provision in the lease by which the lessee company agreed that "it shall and will pay, satisfy, and discharge all municipal, county, state, or government taxes and assessments, license fees, or other charges of any description whatever, which, during the term hereby granted, may be imposed upon the property hereby demised, or any part thereof," applied to the license fees that should become due after the execution of the lease; this clause having, however, no relation to the obligations of the Third Avenue Railroad Company existing at the time of the execution of the lease. Under this provision there can be no doubt but that the lessee company would be liable for all license fees accruing to the city after the execution and delivery of the lease; but it relates only to such license fees, and not to existing liabilities or license fees that had accrued prior to its execution.  The question presented in the Case of Mayor, etc., of City of New York v. Twenty-Third St. R. Co., supra, was as to the liability of the lessee company for a percentage of the gross receipts under the charter of the lessor company that accrued after the execution and delivery of the lease; and there the court held that, accepting a lease of all the property of the corporation, it was accepted subject to the legal obligation to pay a percentage of its gross earnings to the city of New York; the court saying:

"When the defendant took the place of the lessor corporation, it became obligated to take and retain one per cent. of the fares received by it to and for the use of the city, and to make payments thereof to the city."

It was only a percentage of the fares received by the lessee corporation after it had taken possession of the demised property that it was bound to pay to the city, not a percentage of the gross receipts which the lessor corporation had received prior to the execution and delivery of the lease.  We think that the complaint stated no cause of action against the defendant the Metropolitan Street Railway Company, and that its separate demurrer should have been sustained.  It is not claimed upon this appeal that the complaint did not state a good cause of action against the defendant the Third Avenue Railroad Company.

The judgment appealed from must, therefore, be reversed, and the demurrer of the Metropolitan Street Railway Company sustained,

79 N.Y.S.—28

with costs in this court and in the court below. As to the Third Avenue Railroad Company, judgment affirmed, with costs, with leave to the Third Avenue Railroad Company to withdraw demurrer and answer on payment of costs in this court and in the court below. All concur.